.10104

### TROUBLEFIELD v. HEYWARD ET AL.
### (97 S. E. 767.)

ASSIGNMENTS — ASSIGNMENT BY BUYER — INTENTION.—Parts of contract between buyer of cotton seed meal and assignees of his rights, con-. taining order in which buyer forfeited all rights, interests, and titles in the meal and transferred them,.also letter written to seller by assignees, *held* to constitute assignment of buyer's contract, showing his intention and that of assignees.

Before TOWNSEND, J., Richland, Summer term, 1918. Affirmed.

Action by W. J. Troublefield against G. S. Heyward and others. From judgment for plaintiff, defendants appeal.

*Mr. E. L. Craig,* for appellants.

*Mr. D. W. Robinson,* for respondent, submits : *It was the duty of the Court, with all the contract reduced to writing by the parties, to construe the contract:* 103 S. C. 500; 88 S. C. 360. *The purpose of construction of contracts is to ascertain the intent of the parties, as gathered from the whole instrument, and to give effect, if possible, to all portions and clauses thereof:* 102 S. C. 342; 85 S. E. 1064; 104 S. C. 380-1; 89 S. E. 358; 109 S. C. 112; 95 S. E. 342. *Where two instruments are executed at the same time and refer to the same matter, they are to be construed together, as if one and the same instrument:* 64 S. E. 56; 109 Va. 513; 132 Amr. St. Rep. 929; 84 S. C. 148; 84 S. C. 209; 63 S. E. 1086; 65 W. Va. 57. *Written contract cannot be varied or supplemented by parol:* 106 S. C. 42-3; 109 S. C. 29; 95 S. E. 121. *Defendant's witnesses could not be allowed to testify that the meal, in question, was not delivered in Charleston, because neither of them was there, and if they had any evidence of its delivery or nondelivery, it would consist of some other paper or means of testimony which would have been the best:* Jones on Evidence (2d Ed.), sec 297; Wigmore on Evidence, sec. 1360, etc.; 7 Cavanch 296; 3 L. Ed. 350. *Witness could not testify as to what prompted*

*his firm to send telegram cancelling contract. Telegram was in writing—spoke for itself, and could not be varied, explained or supplemented by parol evidence:* 106 S. C. 42-3; 109 S. C. 29; 95 S. C. 121. *Defendants should have shown what they expected to prove by this witness, if they desired to insist upon his testimony:* 109 S. C. 29; 95 S. E. 121.

January 2, 1919.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for damages, and the question in the case is whether the exhibits constitute an asignment of the contract, which the plaintiff had previously made with Banks-Wimberly Company.

Exhibits 2 and 3 formed parts of the same contract. Exhibit 2 contains this provision:

"On receipt of buyer's acceptance seller agrees to give order on the Banks-Wimberly Co., original shippers, for the above goods to be billed buyers, at $33.50 per ton."

Exhibit 3 contains the order, in which the plaintiff forfeited all rights, interest, and titles in the meal, and transferred same to the defendants.

In exhibit 19, containing the letter written to the Banks-Wimberly Company by the defendants, they say:

"We have bought from W. J. Troublefield 150 tons of meal and he has given us the letter we inclose, transferring contracts between you and himself covering this amount of meal."

These writings manifest an intention on the part of the plaintiff to make an assignment of his contract and show that it was so understood by the defendants.

There was, therefore, no error on the part of his Honor, the presiding Judge, in directing the jury to render a verdict in favor of the plaintiff.

Having reached this conclusion, it becomes unnecessary to consider the other questions presented by the exceptions. Affirmed.